MEMORANDUM OF DECISION

MANFREDI, J.
This matter is an appeal of the suspension of the Plaintiffs gaming license by the Defendant Office of the Director of Regulation.
Mr. Marson signed for a letter from the Office of the Director of Regulation on August 7, 2008. The letter was dated August 4, 2008 and ordered Mr. Marson to appear before the Mohegan Tribal Gaming Commission for a show cause hearing questioning his suitability to remain licensed in connection with a June 4, 2008 incident.
The letter noted the show cause hearing was scheduled for Wednesday, August 27, 2008 at 2:00 a.m. at the Mohegan Tribal Gaming Commission. The letter also noted that failure to appear for the scheduled hearing will result in the revocation of the Plaintiffs gaming license.
On August 27, 2008, the Plaintiff failed to appear at the scheduled hearing and the hearing officer thereafter made a finding that Mr. Marson had received actual notice of the scheduled hearing and his license was subsequently suspended for failure to appear at that hearing. Mr. Marson thereafter filed the pending appeal.

DISCUSSION

A hearing was held before the Court on this matter on February 3, 2009. At the hearing the Court noted its concern over apparent inconsistencies in the Notice of Decision issued by the Defendant.
On the one hand, the Defendant’s Notice of Decision indicated in its findings of fact that a “default ruling” is granted by the Commission.
However, in its conclusions of law following the findings of fact, the Defendant noted that “decisions of the MTGC to bar persons must be supported by credible evidence of criminal activity, disorderly conduct, or other activity or conduct that would either pose a threat to the integrity of the gaming activities of the tribe or jeopardize public safety in the gaming facility.” The court’s review of the record revealed no evidence of any criminal activity, disorderly conduct, or other activity or conduct that would either pose a threat to the integrity of the gaming activities of the tribe in the record of this matter before the Commission.
Although the internal inconsistencies are troubling to the Court, the Court is convinced after a review of the briefs and legal citations contained therein that the decision of the Defendant must stand.
The Court adopts the decision of Chief Judge Guernsey in Nesbit v. Office of the Director of Regulation, 2 G.D.R. 11, 4 Am. Tribal Law 545 (2003) that:
“Judgment by default rendered by the Hearing Officer, in a duly noticed proceeding where finding of actual notice is made and the holder of a gaming or non-gaming license fails to appear is not in violation of constitutional or statutory provisions, in excess of statutory authority, made upon unlawful procedure or affected by other error of law, and is not arbitrary, capricious, or characterized by an abuse of discretion.”
As the show cause hearing in this case was duly noticed by the Defendant and a finding of actual notice was made, the judgment by default for failure to appear at the hearing is affirmed.